IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| JON LANKFORD, On Behalf of Himself and All Others Similarly Situated, | § § § § § | |
| Plaintiff, | | |
| V. | § § | CIVIL ACTION NO. |
| CMG OIL & GAS, INC. | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § § | CLASS ACTION |

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT**

Plaintiff, JON LANKFORD ("Lankford" or "Plaintiff"), on behalf of himself and all other similarly situated affected employees, files this Complaint against CMG OIL & GAS, INC. ("CMG" or "Defendant"), showing in support as follows:

### I.   NATURE OF THE CASE

1.   This is a civil action brought by Plaintiff pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 *et seq.*, (the "WARN Act") for Defendant's failure to give the required WARN Act written notice to Plaintiff and similarly situated individuals (the "Class Members") in connection with recent a Mass Layoff and/or Plant Closing at Defendant's Ross, North Dakota site of employment/operational units within that single site of employment at/from/through which Plaintiff and the Class Members were employed during the relevant time period.

2.   Accordingly, Defendant is liable under the WARN Act for failing to provide Plaintiff and the Class Members written notice, including 60 days' advance written notice, as required by the WARN Act.

## II.     THE PARTIES, JURISDICTION AND VENUE

### A.     Plaintiff Jon Lankford

3.     Lankford is a natural person who resides in Williams County, North Dakota. He has standing to file this lawsuit.

4.     Lankford was employed by Defendant as an oilfield worker where he worked for Defendant's oilfield operations in North Dakota, including significant work for Defendant in and around Ross, North Dakota.

5.     Lankford's employment with Defendant was verbally terminated without any advance written warning on or about March 16, 2015 ("Lankford's Employment Loss"). At all times relevant, Plaintiff was a full time employee of Defendant.

### B.     Class Members

6.     The Class Members are affected employees who are similarly situated to Lankford, and who were or may reasonably be expected to experience an employment loss due to termination of employment as a consequence of Defendant's Mass Layoff at Defendant's Ross, North Dakota site of employment in the 30 day or 90 day period from Lankford's Employment Loss.

7.     Alternatively, the Class Members are affected employees who are similarly situated to Lankford, and who were or may reasonably be expected to experience an employment loss as a consequence of Defendant's Plant Closing at Defendant's Ross, North Dakota site of employment/operational units at/within that single site of employment made the subject matter of this lawsuit in the 30 day or 90 day period from Lankford's Employment Loss.

8.     On information and belief, the single site of employment for purposes of the WARN Act is Defendant's place of business in Ross, North Dakota.

9. Alternatively, should discovery reveal that there is more than one single site of employment for Lankford and the Class Members, then Lankford reserves the right to modify the class definition or establish sub-classes in connection with any amended pleading and/or motion for class certification.

C. **Defendant CMG Oil & Gas, Inc.**

10. On information and belief, Defendant is a for profit corporation organized under the laws of the State of North Dakota.

11. During all times relevant to this lawsuit, Defendant has done business in the State of North Dakota.

12. On information and belief, during the time period relevant to this lawsuit, Defendant's principal place of business is and has been at or near 9101 62nd Ave NW, Ross, North Dakota 58776.

13. Defendant may be served with summons through its registered agent, Search Company of North Dakota, 1501 N 12th Street, Suite 1, Bismarck, North Dakota 58501.

D. **Jurisdiction and Venue**

14. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

15. During all times relevant to this lawsuit, Defendant has done business in the State of North Dakota and continues to do business in the State of North Dakota.

16. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Lankford bases his claim, and the claims of the Class Members on federal law, namely 29 U.S.C. §§ 2101-2109.

*Plaintiff's Original Complaint*

17.     Venue is proper in the United States District Court for the District of North Dakota because Defendant maintains an office in this judicial district at or near 9101 62nd Ave NW, Ross, North Dakota 58776. Furthermore, a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district. Finally, at all relevant times, Defendant transacted business in this District and continues to transact business in this District. 29 U.S.C. § 2104(a)(5).

18.     Venue is proper in the Northwestern Division of the United States District Court for the District of North Dakota because Defendant maintains business operations in the Northwestern Division and a substantial part of the events giving rise to Plaintiff's claims occurred in the Northwestern Division.

### III.     FACTUAL BACKGROUND

19.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

20.     On information and belief, and at all material times, Defendant is and has been a business enterprise that employs 100 or more employees, excluding part-time employees and employees who have worked less than 6 months in the 12 month period preceding the first date that WARN Act notice was required to be given.

21.     On information and belief, Ross, North Dakota is/was the single site of employment, as defined by the WARN Act, for employees of Defendant, such as Lankford and the Class Members. Although Defendant also maintains/maintained other single sites of employment, on information and belief, management of Defendant's North Dakota oilfield operations in addition to management and administrative support of Lankford and the Class members, is/was conducted at/from/through the Ross, North Dakota single site of employment.

22. Lankford worked with numerous other employees of Defendant. Those employees performed oilfield operations/support of oilfield operations for Defendant. Like Lankford, those workers are/were subject to Defendant's Mass Layoff and/or Plant Closing made the subject matter of this lawsuit.

23. Lankford was verbally notified by Defendant on or about March 16, 2015 that his employment with Defendant was terminated or that he otherwise was subject to an employment loss. Lankford was not discharged for cause, did not voluntarily resign, and did not retire.

24. On and around the time of his verbal notification of employment loss, Lankford learned that numerous other similarly situated employees of Defendant suffered an employment loss.

25. On information and belief, the employment losses at the Ross, North Dakota site of employment made the subject matter of this lawsuit occurred within a 30 day period of Lankford's Employment Loss. Alternatively, and on information and belief, those employment losses occurred within a 90 day period of Lankford's Employment Loss, such employment losses not being the result of separate and distinct actions and causes.

26. On information and belief, 50 or more employees totaling 1/3 or more of the workforce assigned to/working out of the Ross, North Dakota site of employment made the subject matter of this lawsuit experienced employment losses during the relevant time period. On information and belief, said employment losses were not bona fide discharges for cause, voluntary departures, or retirements. On information and belief, 50 or more of those affected employees totaling 1/3 or more of the workforce assigned to/working out of the Ross, North Dakota site of employment made the subject matter of this lawsuit had been full-time employees of Defendant for six or more months in the 12 month period preceding the date WARN Act notice was due.

27. The exact number of employees who experienced an employment loss at the Ross, North Dakota site of employment made the basis of this lawsuit within a 30 day and 90 day period of Lankford's Employment Loss is information that is only known to Defendant. Similarly, the exact number of employees employed at/from/through that site of employment is information that is currently known only to Defendant.

28. Lankford and the Class Members were not provided with 60 days' advance written notice by Defendant of their employment loss, Mass Layoff and/or Plant Closing.

29. Lankford and the Class Members were not provided with any written notice by Defendant prior to their employment loss, Mass Layoff and/or Plant Closing.

30. Lankford and the Class Members were not provided with written notice, at any time prior to their termination, of each and every of the following items in connection with their employment loss: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect; (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

## IV.    WARN ACT CLAIMS

31. Lankford incorporates the preceding paragraphs by reference as if set forth fully in this section.

32. At all material times, Lankford and the Class Members were "full-time employees" of Defendant as that term is used in the Warn Act.

33. At all material times, Defendant was and is an employer under the WARN Act. 29 C.F.R. § 639.3(a).

34. At material times, Defendant employed, and continues to employ, 100 or more employees, excluding part-time employees.

35. On information and belief, Defendant's Ross, North Dakota site constitutes/constituted a single site of employment for Lankford and the Class Members. 29 C.F.R. § 639.3(i).

36. Lankford maintains this action on behalf of himself and on behalf of each other similarly situated employee.

37. Each Class Member is similarly situated to Lankford with respect to his or her rights under the WARN Act. 29 U.S.C. § 2104(a)(5).

### A. Mass Layoff

38. During a 30 day or 90 day period from Lankford's Employment Loss, Defendant ordered/executed a "Mass Layoff" at the Ross, North Dakota site of employment made the subject matter of this lawsuit. 29 C.F.R. §§ 639.3(c) & 639.5(a)(1).

39. Lankford and the Class Members suffered an employment loss in connection with Defendant's "Mass Layoff" made the subject matter of this lawsuit. 29 C.F.R. § 639.3(f).

40. On information and belief, 1/3 of the employees at the Ross, North Dakota site of employment made the subject matter of this lawsuit, totaling 50 or more employees, suffered an employment loss as a result of that Mass Layoff.

41. Lankford and the Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Mass Layoff made the subject matter of this lawsuit. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Lankford and the Class Members were employees of Defendant who did not receive the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to

*Plaintiff's Original Complaint*

experience an employment loss as a result of Defendant's Mass Layoff made the subject matter of this lawsuit.

### B. Plant Closing

42. Pleading in the alternative, and on information and belief, with the number of employment losses at the Ross, North Dakota site of employment within 30 days or 90 days of Lankford's Employment Loss, Lankford and the Class Members experienced a "Plant Closing." 29 C.F.R. §§639.3(b) & 639.5(a). "Plant Closing" means the "permanent or temporary shutdown of a 'single site of employment', or one or more 'facilities or operating units' within a single site of employment, if the shutdown results in an 'employment loss' during any 30-day period at the single site of employment for 50 or more employees, excluding any part-time employees." 29 C.F.R. § 639.3(b).

43. Lankford and the Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Plant Closing made the subject matter of this lawsuit. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Lankford and the Class Members were employees of Defendant who did not receive the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Plant Closing made the subject matter of this lawsuit.

### C. No Written Notice of Mass Layoff and/or Plant Closing

44. Lankford and the Class Members were not provided with 60 calendar days' advance written notice by Defendant of their planned/upcoming employment loss, Mass Layoff and/or Plant Closing.

45. Lankford and the Class Members were not provided with any written notice by Defendant prior to their employment loss, Mass Layoff and/or Plant Closing.

46. Lankford and the Class Members were not provided with written notice, at any time prior to their employment loss, of each and every of the following items in connection with their employment loss, Mass Layoff and/or Plant Closing: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect; (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

47. On information and belief, Defendant did not notify the North Dakota agencies responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the Mass Layoff and/or Plant Closing made the subject matter of this lawsuit.

48. On information and belief, Defendant did not notify the North Dakota agencies responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the employment loss of Plaintiff and the Class Members.

### D. **Damages**

49. As a result of Defendant's violations of the WARN Act, Lankford and the Class Members have suffered damages. Lankford and the Class Members seek all damages available to them in connection with the claims set forth in this lawsuit, including 60 days' wages and benefits as provided by the WARN Act. 29 U.S.C. § 2104.

### V. **CLASS ACTION ALLEGATIONS**

50. Lankford incorporates the preceding paragraphs by reference as if set forth fully in this section.

51. Lankford brings this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3) and the WARN Act 29 U.S.C. § 2104(a)(5).

52. Lankford brings this action on behalf of himself and all other similarly situated employees. Lankford seeks to represent a Class initially defined as: "All of Defendant's employees working at/from/through Defendant's Ross, North Dakota site of employment for its drilling operations who experienced an employment loss during the 30 or 90 day period from March 16, 2015 without 60 days' advance written notice required by the WARN Act." Lankford requests the opportunity to expand, narrow or modify the class definition pursuant to a motion for class certification and/or amended pleading to the extent discovery reveals that there is more than one single site of employment for Defendant's oilfield operations.

53. Lankford and the Class Members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act at 29 U.S.C. § 2101(a)(5) and (6).

54. Lankford's claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

55. On information and belief, the Class Members is so numerous that joinder is therefore impracticable. The precise number of Class Members and their addresses are readily determinable from Defendant's records.

56. There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendant's actions/omissions include, but are not limited to, the following:

    a.  Whether the provisions of the WARN Act apply;

    b. Whether Defendant's employees at the Ross, North Dakota site of employment for Defendant's oilfield operations experienced an employment loss in connection with a "Mass Layoff" and/or "Plant Closing" under the WARN Act;

    c.  Whether Defendant failed to provide the notices required by the WARN Act;

    d.  Whether Defendant can avail itself of any provisions of the WARN Act permitting lesser periods of written notice; and

    e.  The appropriate method to calculate damages under the WARN Act.

57. The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

58. A class action is the superior method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

59. Lankford is an affected former employee of Defendant who experienced an employment loss during the relevant 30 day and 90 day "look ahead" and "look behind" periods of the WARN Act, 20 C.F.R. § 639.5, without the required written notice. Lankford is, therefore, a member of the class. Lankford is committed to pursuing this action and has retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Lankford is an adequate representative of the class and has the same interests as all

of its members. Further, Lankford's claims are typical of the claims of all members of the Class, and Lankford will fairly and adequately protect the interests of the absent members of the class. Lankford and his counsel do not have claims or interests that are adverse to the Class Members.

60. Furthermore, class action treatment of this lawsuit is authorized and appropriate under the WARN Act, 29 U.S.C. § 2104(a)(5), which provides that a plaintiff seeking to enforce liabilities under the Act may sue either on his or her behalf, for other persons similarly situated, or both.

## VI.   JURY DEMAND

61. Plaintiff demands a jury trial.

## VII.   DAMAGES AND PRAYER

62. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Class Members be awarded a judgment against Defendant or order(s) from the Court for the following:

    a.    An order certifying that the action(s) may be maintained as a class action/class actions under Federal Rule of Civil Procedure 23;

    b.    Designation of Robert Kondras, Hunt, Hassler, Lorenz & Kondras, LLP, as Class Counsel;

    c.    All damages allowed by the WARN Act, including back pay and benefits as provided by 20 U.S.C. § 2104;

    d.    Pre-judgment and post-judgment interest;

    e.    Costs;

    f.    Reasonable attorney's/attorneys' fees; and

    g.    All other relief to which Lankford and the Class Members are entitled.

    Respectfully submitted,

        By:    s/ Robert P. Kondras, Jr.
              Robert P. Kondras, Jr.
              Indiana Attorney No. 18038-84
              (Admitted to Practice in U.S. District
              Court for North Dakota on April 28,
              2003)
              Hunt, Hassler, Lorenz & Kondras, LLP
              100 Cherry Street
              Terre Haute, IN 47807
              (812) 232-9691 – Telephone
              (812) 234-2881 – Facsimile
              kondras@huntlawfirm.net

              ATTORNEYS FOR PLAINTIFF